# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO ARCHUNDIA,<br><br>　　　　　　　　　　　Plaintiff,<br>　vs.<br>CHASE HOME FINANCE LLC; and<br>DOES 1 through 100, inclusive,<br><br>　　　　　　　　　　　Defendants. | **CASE NO. 09-CV-00960-H (AJB)**<br><br>**ORDER GRANTING MOTION TO DISMISS THE COMPLAINT** |

On May 5, 2009, Defendant Chase Home Finance LLC ("CHF") removed this action from the Superior Court of California, in and for the County of San Diego. (Doc. No. 1.) Defendant CHF then filed a motion to dismiss Plaintiff's complaint for failure to state a claim and a request for judicial notice. (Doc. Nos. 3-4.) Plaintiff Ramiro Archundia, proceeding pro se, did not file a response in opposition, as CHF noted in its filing on June 15, 2009. (Doc. No. 5.) The Court held a hearing on the matter on June 22, 2009. Christopher Yoo appeared on behalf of CHF. Plaintiff did not appear at the hearing.

For the reasons set forth below, the Court grants Defendant CHF's motion to dismiss.

## Background

Plaintiff Ramiro Archundia's complaint arises from threatened foreclosure proceedings against his home. On March 27, 2009, Archundia filed a complaint against Defendant CHF for: (1) Truth In Lending Act violations; (2) slander of title; (3) fraud (misrepresentation); (4)

1  to void contract based on impossibility of performance; (5) breach of fiduciary duty; (6)
2  violation of California Business and Professions Code §17200, et seq.; (7) intentional infliction
3  of emotional distress; and (8) injunctive relief. (Doc. No. 1, Compl.)

4       Plaintiff is the owner of real property commonly known as 1037 Alta Vista Drive, Vista,
5  CA 92084, San Diego County, California (the "Property"). (Compl. ¶ 2(b).) Plaintiff alleges
6  that CHF is "Lender 1." (Id. ¶ 11.) On or about February 21, 2007, Plaintiff obtained what he
7  believed to be a fixed rate note from CHF. (Id. ¶ 3.) CHF, however, provided an adjustable
8  rate mortgage. (Id. ¶ 4.)[1] CHF prepared and tendered to Plaintiff, along with other loan
9  documents, a Deed of Trust. (Id. ¶ 5.)[2] Plaintiff alleges that at the time he applied for the loan,
10 he provided his actual income information to one or more of the Doe defendants and at no time
11 did he state to CHF that his actual monthly income was the amount stated on the residential
12 loan application as typed and prepared by CHF. (Id. ¶¶ 6-7.) Plaintiff alleges that at no time
13 did the original beneficiary of the deed of trust assign its interest in the property to any
14 purported holder in due course of the Note evidencing the loan obligation. (Id. ¶ 8.)

15      Defendant CHF moves to dismiss Plaintiff's complaint for failure to state a claim upon
16 which relief may be granted. In support of its motion, CHF requests the Court to take judicial
17 notice of three documents, including a copy of a grant deed wherein Plaintiff obtained title to
18 the Property, recorded on or about November 8, 2004, a copy of a deed of trust ("DOT")
19 encumbering the Property recorded on or about February 21, 2007, and a copy of a deed of
20 trust ("Second DOT") encumbering the Property recorded on or about February 21, 2007.
21 (Doc. No. 3, Exs. 1-3.) The DOT lists Plaintiff and his wife as the borrower, JPMorgan Chase
22 Bank, N.A. as the lender, and Commonwealth Land Title Co. as the trustee. (Id. Ex. 2.) The
23 Second DOT lists Plaintiff and his wife as the trustor/borrower and JPMorgan Chase Bank,
24 N.A. as the lender/beneficiary and trustee. (Id. Ex. 3.)

25 / / /

---

[1] Plaintiff alleges in his complaint that the Note is attached to the complaint as Exhibit 1. There are no exhibits attached to the complaint in the notice of removal.

[2] Plaintiff alleges in his complaint that the Deed is attached to the complaint as Exhibit 2. There are no exhibits attached to the complaint in the notice of removal.

**Discussion**

**I. Motion to Dismiss Pursuant to 12(b)(6)**

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Navarro v. Black, 250 F.3d 729, 731 (9th Cir. 2001). A complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) to evade dismissal under a Rule 12(b)(6) motion. Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964–65 (2007). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting id. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed. 2004)). "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir.1996); see also Twombly, 127 S.Ct. at 1964–65.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n .19 (9th Cir.1990). The court may, however, consider the contents of documents specifically referred to and incorporated into the complaint. Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir.1994). Additionally, the Court may take judicial notice of matters of public

record. See Lee v. City of Los Angeles, 250 F.3d 668, 689–90 (9th Cir.2001). Accordingly, the Court takes judicial notice of the documents provided by CHF, as Plaintiff refers to and relies on the documents in his complaint and they are matters of public record as all are recorded with the San Diego County Recorder's Office.

**A. TILA**

Plaintiff's first cause of action is for Truth in Lending Act ("TILA") violations. (Compl. ¶¶ 12-14.) TILA seeks to protect credit consumers by mandating "meaningful disclosure of credit terms." 15 U.S.C. § 1601(a). Its provisions impose certain duties on creditors. The statute itself defines "creditor" as referring only to "the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness." 15 U.S.C. § 1602(f). TILA has been amended to extend liability to assignees of the original creditor in certain situations. 15 U.S.C. § 1641(a). However, this provision applies "only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement, except where the assignment was involuntary." Id.

Plaintiff fails to sufficiently plead a violation of TILA. Plaintiff alleges that he has maintained all closing documents received at the signing, that he has kept the documents securely at his home, and that he is concluding an audit of all closing loan documents and will amend the complaint at a later date to be determined. (Compl. ¶¶ 13-14.) Plaintiff also alleges that he at no time stated to CHF that his actual monthly income was the amount stated on the residential loan application as typed and prepared by CHF. (Id. ¶ 7.) Plaintiff's allegations that CHF was the lender and prepared the loan application and documents is contradicted by the DOT and Second DOT, which list JPMorgan Chase Bank, N.A. as the lender. Therefore, Plaintiff fails to plead how CHF can be liable for any alleged TILA violations, as CHF was not the original lender and Plaintiff has not alleged that CHF is an assignee of the original creditor or that the violation of TILA was apparent on the face of the disclosure statement. Plaintiff alleges that the original beneficiary of the deed of trust at no point in time assigned its interest in the Property and has not attached any disclosure statements to the complaint evidencing a

violation apparent on the face of such statement. Plaintiff also does not allege what provision of TILA CHF or any other defendant allegedly violated. Accordingly, the Court dismisses Plaintiff's claims against CHF for statutory damages and rescission under TILA.

The Court also notes that Plaintiff's request for any damages under TILA is subject to a one year statute of limitations, typically running from the date of the loan execution. 15 U.S.C. §1640(e). Plaintiff's loans were executed in February 2007 and this action was filed in state court on March 27, 2009. (<u>See</u> Doc. No. 3 Exs. 2-3; Compl.) Plaintiff doe not allege that CHF failed to make required disclosures or otherwise violated TILA in the appropriate time frame. The Ninth Circuit has held equitable tolling of civil damages claims brought under TILA may be appropriate "in certain circumstances," such as when a borrower might not have had a reasonable opportunity to discover the nondisclosures at the time of loan consummation. <u>King v. State of California</u>, 784 F.2d 910, 915 (9th Cir. 1986). Courts then have discretion to "adjust the limitations period accordingly." <u>Id.</u> The applicability of equitable tolling often depends on matters outside the pleadings. <u>Supermail Cargo, Inc. v. U.S.</u>, 68 F.3d 1204, 1206 (9th Cir. 1995) (citation omitted.) Therefore, the determination "is not generally amenable to resolution on a Rule 12(b)(6) motion." <u>Id.</u> Here, however, not only has Plaintiff failed to state relevant facts to support a TILA claim, he has not demonstrated any entitlement to equitable tolling. Plaintiff's claim against Defendant CHF for damages under TILA is dismissed.

**B. Slander of Title**

Plaintiff's second cause of action against CHF is for slander of title. (Compl. ¶¶ 15-22.) Slander of title is a "tortious injury to property resulting from unprivileged, false, malicious publication of disparaging statements regarding the title to property owned by plaintiff, to plaintiff's damage." <u>Southcott v. Pioneer Title Co.</u>, 203 Cal.App.2d 673, 676. A disparaging statement is one intended to cast doubt on the existence or extent of one's interest in the property. <u>Glass v. Gulf Oil Corp.</u>, 12 Cal.App.3d 412, 423.

Plaintiff alleges that CHF, and one or more of the Doe defendants, purportedly acting as the agent of the current but unascertained beneficiary of the Deed, is threatening a notice of default to be recorded against the Property. (Compl. ¶ 17.) Plaintiff alleges that CHF and

one or more of the Doe defendants have no proof that they are the holder of the Note and that the conduct of CHF and one or more the Doe defendants will cause Plaintiff to suffer damages. (Id. ¶¶ 20-21.) These allegations are insufficient to state a cause of action for slander of title against CHF. Plaintiff alleges that CHF will record a notice of default against the Property in the future. Thus, no publication of a disparaging statement is alleged to have occurred. Plaintiff alleges that damage will occur if CHF records a notice of default. Thus, no damage is alleged to have occurred from this potential future action by CHF. Accordingly, the Court dismisses Plaintiff's second cause of action for slander of title against CHF, as Plaintiff fails to allege essential elements of the cause of action.

The Court also notes that in Kachlon v. Markowitz, 168 Cal.App.4th 316, 333 (2008), the court held that "section 2924 deems the statutorily required mailing, publication, and delivery of notices in nonjudicial foreclosure, and the performance of nonjudicial foreclosure procedures, to be privileged communications under the qualified, common-interest privilege of [Civ. Code] section 47, subdivision (c)(1)." Thus, if CHF records a Notice of Default and is properly acting as the beneficiary or assignee of the beneficiary, it could claim the privilege and not be subject to a claim of slander of title. However, the complaint's vague allegations about potential future conduct against CHF and one ore more Doe defendants make any such privilege determination impossible at this time.

**C. Fraud (Misrepresentation)**

Plaintiff's third cause of action is for fraud (misrepresentation). (Compl.¶¶ 23-30.) Under California law, the elements of fraud are "false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir.1996) (quotations omitted). Under Federal Rule of Civil Procedure 9, a Plaintiff must plead fraud with particularity. "Rule 9(b)'s particularity requirement applies to state-law causes of action." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Id. at 1106 (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir.1997)). "'[A] plaintiff must set forth more than the neutral facts necessary to identify the

transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.'" Id. at 1006 (quoting Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.), 42 F.3d 1541, 1548 (9th Cir.1994)). On a claim for fraud, then, a "pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989)(citations omitted). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud" are not. Id. Further, Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants. Id.

Plaintiff alleges that CHF and one or more of the Doe defendants knew or should have known at the time the documents were given to Plaintiff that it was not possible for Plaintiff to make the payments called for based upon the income information Plaintiff actually provided. (Compl. ¶ 24.) Plaintiff alleges that since the lender defendants were in possession of the income information actually provided by Plaintiff, they knew or should have known that any representation that Plaintiff could make the payments called for in the adjustable rate mortgage statement was false. (Id. ¶25.) Plaintiff alleges that by preparing and tendering the loan documents to Plaintiff, the lender defendants implicitly represented to Plaintiff that Plaintiff could make the payments called for. (Id. ¶ 26.) Plaintiff alleges that lender defendants' failure to disclose the fact that Plaintiff could not afford the payments constituted a continuing misrepresentation. (Id. ¶ 27.) Plaintiff also alleges that he was told the loan was a fixed interest rate loan and that he later discovered it was a variable interest rate loan. (Id. ¶ 27.) Plaintiff also alleges that he discovered in 2008 that his monthly income figure had been altered on the loan application without his knowledge. (Id. ¶ 27.)

These allegations against all "lender defendants" are insufficient to state a claim against CHF for fraud. The DOT and Second DOT states that JPMorgan Chase Bank, N.A. was the original lender and beneficiary on the loans. CHF is not mentioned on either DOT. Plaintiff fails to allege how CHF was involved in the loan application and origination process, what misrepresentations CHF allegedly made, and how or why CHF should be held liable for any

such misrepresentations. Plaintiff does not allege the time or place of any alleged misrepresentation, or who made such misrepresentations. For example, Plaintiff alleges that he was told the loan was a fixed interest rate loan, but fails to identify who made that representation or when it was made. Plaintiff also does not allege that CHF acted with the specific intent to defraud or injure Plaintiff. Accordingly, the Court dismisses Plaintiff's cause of action for fraud against CHF.

### D. Void Contract based on Impossibility

Plaintiff's fourth cause of action is to void a contract based on impossibility of performance. (Compl. ¶¶ 31-35.) "In order to be an excuse for nonperformance of a contract, the impossibility of performance must attach to the nature of the thing to be done and not to the inability of the obligor to do it." Hensler v. City of Los Angeles, 124 Cal.App.2d 71, 83 (1954) (citations omitted). Additionally, pursuant to California Civil Code § 1689(b)(1), a contract may be rescinded if the consent of the party rescinding was given by mistake, or obtained through duress, menace, fraud, or undue influence.

Plaintiff fails to state a claim for voiding a contract based upon impossibility of performance. Plaintiff's claim rests on his allegation that lender defendants, together with any of the Doe defendants claiming to be a holder in due course of the note, knew or should have known based upon the actual income information provided by Plaintiff that Plaintiff could never perform according to the terms of the loan. (Compl. ¶ 33.) Plaintiff alleges that because at the time the loan documents were executed by Plaintiff it was impossible for Plaintiff to make the payments, the Note was void at the time of its execution. (Id. ¶ 35.) However, in order to void a contract based upon impossibility of performance, it must be impossible for anyone to perform. Plaintiff's allegations that he was unable to perform is insufficient under this standard. If Plaintiff is seeking to rescind the loan contracts based upon his allegations of fraud, Plaintiff's claim fails as he fails to plead fraud with the required specificity. Additionally, Plaintiff has not sufficiently alleged any contract with CHF that he seeks to void. The DOT and Second DOT clearly list JPMorgan Chase Bank, N.A. as the lender/beneficiary and Plaintiff alleges that the original beneficiary of the deed of trust at no point in time

assigned its interest in the Property. Accordingly, the Court dismisses Plaintiff's claim to void the loan contracts based upon impossibility of performance.

### E. Breach of Fiduciary Duty

Plaintiff's fifth cause of action against all lender defendants is for breach of fiduciary duty. (Compl. ¶¶ 36-41.) Generally, barring an assumption of duty or a special relationship, "financial institutions owe no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal.App.3d 1089, 1096 (1991). Although California law imposes a fiduciary duty on a mortgage broker for the benefit of the borrower, no such duty is imposed on a lender. UMET Trust v. Santa Monica Med. Inv. Co., 140 Cal.App.3d 864, 872-73 (1983); Price v. Wells Fargo Bank, 213 Cal.App.3d 465, 476 (1989) (citing Downey v. Humphreys, 102 Cal.App.2d 323, 332 (1951)) ("'A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such.' The same principle should apply with even greater clarity to the relationship between a bank and its loan customers.").

Plaintiff fails to plead a claim for breach of fiduciary duty against CHF. Plaintiff only makes a conclusory allegation that lender defendants owed Plaintiff a fiduciary duty. (Compl. ¶ 37.) Plaintiff characterizes CHF as a "lender" and does not allege that CHF or any other "lender defendant" acted as a mortgage broker. Plaintiff has not alleged any duty of CHF that has been imposed by law, assumed by CHF, or created by a special relationship with Plaintiff. Accordingly, the Court dismisses Plaintiff's fifth cause of action for breach of fiduciary duty against CHF.

### F. Unfair Competition Law

Plaintiff's sixth cause of action is for a violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code § 17200, et seq. The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Persons authorized to bring claims under the UCL are "those who have suffered injury in fact and lost money or property as a result of the unfair competition." Id. § 17204.

Plaintiff fails to state a claim against CHF under the UCL. Plaintiff alleges that Defendants implicitly represented to Plaintiff that Plaintiff could make the payments called for in the loan and that Plaintiff could make payments that would allow him to pay off the loan upon Plaintiff's actual income. (Compl. ¶ 43.) Plaintiff alleges that these representations were false and induced him to rely on the representations and to execute the loan documents. (Id. ¶ 44.) Plaintiff alleges that as a result of these false representations, Plaintiff has been injured in an amount to be proven at trial. (Id. ¶ 45.)

These allegations are insufficient to state a claim against CHF for a violation of the UCL. Plaintiff does not allege what unlawful, unfair, or fraudulent business acts or practices CHF committed, and as noted above, CHF was not the original lender listed on either DOT. Plaintiff fails to allege any law that CHF violated and points to no "borrowed claim" upon which Plaintiff can base liability for a UCL claim based on unlawful conduct. See People v. McKale, 25 Cal.3d 626, 635 (1979) (holding a plaintiff must allege facts to demonstrate that the practice violates the underlying law). Plaintiff also does not allege facts supporting a claim under the UCL based upon an unfair practice, as Plaintiff does not allege that CHF engaged in a pattern of behavior or a course of conduct. See Hewlett v. Squaw Valley Ski Corp., 54 Cal.App.4th 499, 519 (1977) (finding that the phrase "business practice" in section 17200 indicates that the statute is directed at ongoing wrongful conduct, not a single isolated act). Plaintiff also does not sufficiently allege facts entitling him to relief under the UCL's fraudulent prong, as Plaintiff fails to plead fraudulent representations with particularity and makes no allegations concerning how members of the public are likely to be deceived by the alleged conduct. See Williams v. Gerber Products Co., – F.3d –, 2008 WL 5273731 at *3 (9th Cir. Dec. 22, 2008). Accordingly, the Court dismisses Plaintiff's cause of action for a violation of the UCL against CHF.

**G. Intentional Infliction of Emotional Distress**

Plaintiff's seventh cause of action is for intentional infliction of emotional distress. (Compl. ¶¶ 47-52.) To state a claim for intentional infliction of emotional distress, a plaintiff must allege that "(1) the defendant engaged in extreme and outrageous conduct with the

1  intention of causing, or reckless disregard of the probability of causing, severe emotional
2  distress to the plaintiff; (2) the plaintiff actually suffered severe or extreme emotional distress;
3  and (3) the outrageous conduct was the actual and proximate cause of the emotional distress."
4  Ross v. Creel Printing & Publishing Co., 100 Cal.App.4th 736, 744-45 (2002).

5  Plaintiff fails to plead a cause of action for intentional infliction of emotional distress
6  against CHF.  Plaintiff alleges that "the actions of defendants, and each of them, which has
7  resulted in Plaintiff now being faced with the possibility of losing the Property, the very
8  property that Plaintiff has called home, constitute outrageous conduct."  (Compl. ¶ 48.)
9  Plaintiff fails to allege what conduct CHF engaged in that was outrageous and only makes
10 conclusory allegations that he suffered severe emotional distress as a result of the defendants'
11 acts.  These allegations are insufficient to put CHF on notice of its alleged wrongdoing.
12 Additionally, the assertion of an economic interest in good faith, such as debt collection
13 pursued through reasonable means, is privileged, even if it causes emotional distress.  Ross,
14 100 Cal.App.4th at 745 n. 4.  Accordingly, the Court dismisses Plaintiff's cause of action
15 against CHF for intentional infliction of emotional distress.

16 **H.  Request for Injunctive Relief**

17 Plaintiff's eighth cause of action is for injunctive relief. (Compl. ¶¶ 53-7.)  However,
18 an injunction is merely a remedy and is not a cause of action.  Shamsian v. Atl. Richfield Co.,
19 107 Cal.App.4th 967, 984-85 (2003). A cause of action must exist before injunctive relief may
20 be granted.  Plaintiff bases his request for injunctive relief on the alleged misrepresentations
21 made by defendants in connection with his loans. The Court has concluded that Plaintiff fails
22 to state a claim based on the alleged misrepresentations of CHF.  Accordingly, the Court
23 dismisses Plaintiff's request for injunctive relief.

24 **Conclusion**

25 For the reasons set forth above, the Court GRANTS Defendant CHF's motion to
26 dismiss the complaint.  Plaintiff may file an amended complaint curing the noted deficiencies
27 / / /
28 / / /

1 within 30 days of the date of this order.

2 **IT IS SO ORDERED.**

3 DATED: June 23, 2009

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT